UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THRESHOLD ENTERPRISES LTD., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> FUNCTIONAL BRANDS, LLC, ) <br> ) <br> Defendant(s). ) <br> _____ ) | No. C07-1400 BZ <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Threshold sued defendant Functional Brands alleging that defendant infringed upon plaintiff's trademarks, in violation of federal and state laws. Defendant has moved to dismiss the Sixth Cause of Action in the First Amended Complaint for failure to state a claim upon which relief may be granted or, alternatively, for failure to comply with Federal Rule of Civil Procedure 9(b).[1] The Sixth Cause of Action alleges that defendant violated California Business and

---

[1] All parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) for all proceedings, including entry of final judgment.

1

Professions Code Section 17500 by activities "including, but not limited to, using marks on its products and advertising and using internet domain names that indicate affiliation, connection or association with Plaintiff's LIFE FORCE products, and which Defendant knows, or upon exercise of reasonable care should know, are untrue and/or misleading." Compl. ¶ 66.

Defendant argues that plaintiff's claim must be dismissed because it sounds in fraud, and therefore implicates the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A claim "sounds in fraud" when it alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103 (9th Cir. 2003). However, when a party alleges "some fraudulent and some non-fraudulent conduct . . . only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." <u>Id.</u> at 1104.

I do not read the Section 17500 claim as alleging a claim for fraud or as sounding in fraud. It alleges that defendant adopted a name it knew or should have known would mislead the public. <u>See</u> <u>Bacon ex rel. Moroney v. American Intern. Group</u>, 415 F. Supp.2d 1027, 1033 (N.D. Cal 2006) (holding that a claim that the defendants "should have known [that the advertisements] were untrue and misleading" is a non-fraud-based claim). Therefore I do not find that it is

///
///

subject to Rule 9(b)'s heightened pleading requirements.[2]

Defendant's argument that Proposition 64 altered Section 17500 so as to mirror the elements of fraud by requiring misrepresentation, intent, resulting damages, and reliance, is incorrect. Although at least one court has read Proposition 64 to require proof of injury-in-fact in a Section 17500 claim, that same court explicitly rejected the proposition that Section 17500 was reduced to common law fraud. See Anunziato v. eMachines, Inc., 402 F. Supp.2d 1133, 1138 (C.D. Cal. 2005). Moreover, since the passage of Proposition 64, at least one court within the Northern District has held that claims can be asserted under Section 17500 without implicating Rule 9(b)'s fraud requirements. See Bacon ex rel. Moroney, supra, 415 F. Supp.2d at 1033 cite. Defendant does not cite any case law to the contrary, and I know of none.

Defendant also argues, incorrectly, that plaintiff's claim is a "catchall phrase or [list] of hypothetical possibilities," and thus fails to meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Plaintiff's claim can be distinguished from the list of hypothetical possibilities rejected in Pickern v. Pier 1 Imports, Inc., 457 F.3d 963, 968 (9th Cir. 2006). Whereas the plaintiff's complaint in Pickern did not allege *any* specific conduct by the defendant, plaintiff in this case alleges that defendant engaged in specific prohibited conduct. Plaintiff

---

[2] To the extent that plaintiff intended to allege fraudulent conduct, it should seek leave to file an amended complaint properly alleging its allegations.

3

alleges in pertinent part that since 1991 it has used the name LIFEFORCE for its nutritional products, that it has established substantial goodwill associated with that name, that defendant was aware of plaintiff's use of the name, and that defendant adopted names such as LIFEFORCE V for the purposes of appropriating plaintiff's goodwill and misleading and deceiving the public as to the source of defendant's products.  Plaintiff further alleges specific instances of actual and likely confusion between the parties products. Plaintiff's complaint adequately states a claim for false advertising post Proposition 64 and provides defendant fair notice of the grounds on which the complaint is based.  <u>See Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2006); <u>See also</u> <u>Filon Plastics Corp. v. H. Koch & Sons</u>, 243 F. Supp. 636 (N.D. Cal. 1965) (holding that Section 17500 has been violated when "there has been a palming off of defendant's goods as those of plaintiff").

The Motion to Dismiss having been fully briefed by both parties, I find no need for a hearing.  The hearing set for July 11, 2007 is hereby **VACATED**.  Because plaintiff has met the minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2), and because Rule 9(b) does not apply to plaintiff's claim, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss is **DENIED**.

Dated: June 18, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\THRESHOLD\ORDER.DENIAL.DISMISSAL.BZ VERSION.2.wpd