1   BINGHAM MCCUTCHEN LLP
    TRENTON H. NORRIS (SBN 164781)
2   MONTY AGARWAL (SBN 191568)
    RACHEL CHANIN (SBN 229253)
3   Three Embarcadero Center
    San Francisco, CA  94111-4067
4   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
5   trent.norris@bingham.com
    monty.agarwal@bingham.com
6   rachel.chanin@bingham.com

7   Attorneys for Plaintiff
    THRESHOLD ENTERPRISES LTD.
8
    KRONENBERGER BURGOYNE, LLP
9   KARL S. KRONENBERGER (SBN 226112)
    JEFFREY M. ROSENFELD (SBN 222187)
10  150 Post Street, Suite 520
    San Francisco, CA 94108
11  Telephone: (415) 955-1155
    Facsimile: (415) 955-1158
12  karl@kronenbergerlaw.com
    jeff@kronenbergerlaw.com
13
    Attorneys for Defendant
14  FUNCTIONAL BRANDS, LLC

15
                    UNITED STATES DISTRICT COURT
16
                NORTHERN DISTRICT OF CALIFORNIA
17
                    SAN FRANCISCO DIVISION
18

19
    THRESHOLD ENTERPRISES LTD., a            No. C-07-1400 BZ
20  Delaware Corporation,
                                             **JOINT STIPULATION AND
21              Plaintiff,                    [PROPOSED] PROTECTIVE ORDER
           v.                                RE CONFIDENTIAL
22                                           INFORMATION**
    FUNCTIONAL BRANDS, LLC, a Michigan
23  limited liability company; and DOES 1 through   Hon. Bernard Zimmerman
    150, inclusive,
24
                Defendants.
25

26

27

28

1    Plaintiff Threshold Enterprises Ltd. and Defendant Functional Brands, LLC

2  **STIPULATE AND AGREE** that the Court may enter the following order:

3  **1.    PURPOSES AND LIMITATIONS**

4    Disclosure and discovery activity in this action are likely to involve production of

5  confidential, proprietary, or private information for which special protection from public

6  disclosure and from use for any purpose other than prosecuting, defending or attempting to settle

7  this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the

8  court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order

9  does not confer blanket protections on all disclosures or responses to discovery and that the

10  protection it affords extends only to the limited information or items that are entitled under the

11  applicable legal principles to treatment as confidential.  The parties further acknowledge, as set

12  forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file

13  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

14  followed and reflects the standards that will be applied when a party seeks permission from the

15  court to file material under seal.  All documents, things, answers and/or information furnished

16  through discovery are provided solely for the legitimate purposes of this litigation or other

17  litigation arising out of purported violations of this Protective Order, may only be used for such

18  legitimate purposes within this litigation and shall not be used for any other purpose whatsoever.

19  **2.    DEFINITIONS**

20    2.1    <u>Action</u>:  The above captioned case, *Threshold Enterprises Ltd., v. Functional*

21  *Brands, LLC*, *et al.*, Case No. C-07-1400 BZ, or any stipulated or court-ordered alternative

22  dispute resolution of the above-captioned case.

23    2.2    <u>Party</u>:  any party to this Action, including all of its agents, officers, directors,

24  employees, consultants, retained experts, and outside counsel (and their support staff).

25    2.3    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

26  medium or manner generated, stored, or maintained (including, among other things, testimony,

27  transcripts, or tangible things) that are produced or generated in disclosures or responses to

28  discovery in this Action.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1    2.4    "Confidential" Information or Items:  commercially sensitive information

2    (regardless of how generated, stored or maintained) or tangible things that qualify for protection

3    under standards developed under F. R. Civ. P. 26(c), the disclosure of which to a Party or

4    nonparty would create risk of injury that could not be avoided by less restrictive means.

5    2.5    "Highly Confidential - Attorneys' Eyes Only" Information or Items:  extremely

6    sensitive "Confidential Information or Items" the disclosure of which to another Party or

7    nonparty would create a substantial risk of serious injury that could not be avoided by less

8    restrictive means.  The parties contemplate certain documents in this category to include:  (i)

9    new, presently unreleased products or services that have not been publicly disclosed or offered

10   for sale; (ii) costs relating to both released and/or unreleased products and/or services; (iii)

11   supplier, business partner and/or customer identity, price, correspondence, and sales information;

12   (iv) employee rosters; (v) employee wages; (vi) investor rosters and level and type of

13   investment; (vii) future financial plans; (viii) future business plans; (ix) product or service

14   development information for any products or services not publicly disclosed or offered for sale;

15   (x) the organizational structure and financial foundation (*e.g.*, tax returns, financial statements,

16   and supporting schedules) for a particular Party; (xi) unpublished patents and related disclosures;

17   (xii) technology trade secrets; (xiii) information related to affiliated business; (xiv)

18   confidentiality agreements; (xv) contracts, including contractor agreements.

19   2.6    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

20   Producing Party.

21   2.7    Producing Party:  a Party or non-party that produces Disclosure or Discovery

22   Material in this Action.

23   2.8    Designating Party:  a Party or non-party that designates information or items that

24   it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

25   — Attorneys' Eyes Only."

26   2.9    Protected Material:  any Disclosure or Discovery Material that is designated as

27   "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1    2.10    Outside Counsel:  attorneys who are not employees of a Party but who are

2    retained to represent or advise a Party in this Action.

3    2.11    House Counsel:  attorneys who are employees of a Party.

4    2.12    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

5    support staffs).

6    2.13    Expert:  a person with specialized knowledge or experience in a matter pertinent

7    to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or

8    as a consultant in this Action and who is not a past or a current employee of a Party or of a

9    competitor of a Party's and who, at the time of retention, is not anticipated to become an

10   employee of a Party or a Party's competitor.  This definition includes a professional jury or trial

11   consultant retained in connection with this litigation.

12   2.14    Professional Vendors:  persons or entities that provide litigation support services

13   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

14   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

15   **3.    SCOPE**

16   The protections conferred by this Stipulation and Order cover not only Protected

17   Material (as defined above), but also any information copied or extracted therefrom, as well as

18   all copies in any form whatsoever, whether paper, electronic, or any other media, excerpts,

19   summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

20   counsel to or in court or in other settings that might reveal Protected Material.

21   **4.    DURATION**

22   Even after the termination of this litigation, the confidentiality obligations

23   imposed by this Stipulated Protective Order shall remain in effect until a Designating Party

24   agrees otherwise in writing or a court order otherwise directs.

25   **5.    DESIGNATING PROTECTED MATERIAL**

26   5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

27   or non-party that designates information or items for protection under this Stipulated Protective

28   Order must take care to limit any such designation to specific material that qualifies under the

1   appropriate standards.  A Designating Party must take care to designate for protection only those

2   parts of material, documents, items, or oral or written communications that qualify – so that

3   other portions of the material, documents, items, or communications for which protection is not

4   warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

5           Mass, indiscriminate, or routinized designations are prohibited.  Designations that

6   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

7   unnecessarily encumber or retard the case development process, or to impose unnecessary

8   expenses and burdens on other parties), expose the Designating Party to sanctions.

9           If it comes to a Party's or a non-party's attention that information or items that it

10   designated for protection do not qualify for protection at all, or do not qualify for the level of

11   protection initially asserted, that Party or non-party must promptly notify all other parties that it

12   is withdrawing and/or redesignating the mistaken designation.

13        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

14   Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise

15   stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order

16   must be clearly so designated before the material is disclosed or produced.

17           Designation in conformity with this Stipulated Protective Order requires:

18        (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

19   or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or

20   "Highly Confidential — Attorneys' Eyes Only" at the top of each page that contains protected

21   material.  If only a portion or portions of the material on a page qualifies for protection, the

22   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

23   markings in the margins) and must specify, for each portion, the level of protection being

24   asserted (either "Confidential" or "Highly Confidential — Attorneys' Eyes Only") (or suitable

25   substitutes such as "Confidential — Counsel's Eyes Only").

26           A Party or non-party that makes original documents or materials available for

27   inspection need not designate them for protection until after the inspecting Party has indicated

28   which material it would like copied and produced.  During the inspection and before the

1   designation, all of the material made available for inspection shall be deemed "Highly

2   Confidential — Attorneys' Eyes Only."  After the inspecting Party has identified the documents

3   it wants copied and produced, the Producing Party must determine which documents, or portions

4   thereof, qualify for protection under this Stipulated Protective Order, then, before producing the

5   specified documents, the Producing Party must affix the appropriate legend ("Confidential" or

6   "Highly Confidential — Attorneys' Eyes Only") at the top of each page that contains Protected

7   Material.  If only a portion or portions of the material on a page qualifies for protection, the

8   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

9   markings in the margins) and must specify, for each portion, the level of protection being

10   asserted (either "Confidential" or "Highly Confidential — Attorneys' Eyes Only").

11              (b)    for testimony given in deposition or in other pretrial or trial proceedings,

12   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

13   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

14   any portions of the testimony that qualify as "Highly Confidential — Attorneys' Eyes Only."

15   When it is impractical to identify separately each portion of testimony that is entitled to

16   protection, and when it appears that substantial portions of the testimony may qualify for

17   protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

18   record (before the deposition or proceeding is concluded) a right to have up to 20 days after the

19   transcript is available to identify the specific portions of the testimony as to which protection is

20   sought and to specify the level of protection being asserted ("Confidential" or "Highly

21   Confidential — Attorneys' Eyes Only").  Only those portions of the testimony that are

22   appropriately designated for protection within the 20 days after the transcript is available shall be

23   covered by the provisions of this Stipulated Protective Order.

24              Transcript pages containing Protected Material must be separately bound by the

25   court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly

26   Confidential — Attorneys' Eyes Only," as instructed by the Party or nonparty offering or

27   sponsoring the witness or presenting the testimony.

28

1       (c)     <u>for information produced in some form other than documentary, and for</u>

2   <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of

3   the container or containers in which the information or item is stored the legend "Confidential"

4   or "Highly Confidential — Attorneys' Eyes Only."  If only portions of the information or item

5   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

6   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential —

7   Attorneys' Eyes Only."

8       5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

9   designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'

10  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

11  under this Order for such material.  If material is appropriately designated as "Confidential" or

12  "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the

13  Receiving Party, on timely notification of the designation, must disclose who the information

14  was disclosed to and certify that the person who inappropriately received the information has

15  acknowledged the protective order requirements.

16  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17      6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

18  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

19  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

20  waive its right to challenge a confidentiality designation by electing not to mount a challenge

21  promptly after the original designation is disclosed.

22      6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

23  Party's confidentiality designation must do so in good faith and must begin the process by

24  conferring directly (by voice dialogue with confirmation by email or letter; other forms of

25  communication are not sufficient) with counsel for the Designating Party.  In conferring, the

26  challenging Party must explain the basis for its belief that the confidentiality designation was not

27  proper and must give the Designating Party an opportunity to review the designated material, to

28  reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1    the chosen designation.  A challenging Party may proceed to the next stage of the challenge

2    process only if it has engaged in this meet and confer process first.

3         6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

4    designation after considering the justification offered by the Designating Party may file and

5    serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

6    applicable) that identifies the challenged material and sets forth in detail the basis for the

7    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

8    the movant has complied with the meet and confer requirements imposed in the preceding

9    paragraph and that sets forth with specificity the justification for the confidentiality designation

10   that was given by the Designating Party in the meet and confer dialogue.

11         The burden of persuasion in any such challenge proceeding shall be on the

12   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

13   material in question the level of protection to which it is entitled under the Producing Party's

14   designation.

15   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

16        7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

17   or produced by another Party or by a non-party in connection with this case only for prosecuting,

18   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

19   to the categories of persons and under the conditions described in this Stipulated Protective

20   Order.  When the litigation has been terminated, a Receiving Party must comply with the

21   provisions of section 11, below (FINAL DISPOSITION).

22        Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons authorized

24   under this Stipulated Order.  Nothing in this Stipulated Protective Order shall bar or otherwise

25   restrict any attorney herein from rendering advice to his client and, in the course thereof,

26   referring to or relying upon his or her examination of Confidential Information; provided,

27   however, that in rendering such advice and in otherwise communicating with his or her client,

28   the attorney shall not make any disclosure of "Confidential" or "Highly Confidential —

1   Attorneys' Eyes Only" information until and unless said recipient is qualified to review the

2   information pursuant to the terms of this Stipulated Protective Order.

3          7.2    Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by

4   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5   information or item designated Confidential only to:

6          (a)    the Receiving Party's Outside Counsel of record in this Action as well as

7   employees of said Outside Counsel to whom it is reasonably necessary to disclose the

8   information for this litigation, and who have signed the "Acknowledgement and Agreement to

9   Be Bound by Protective Order" (Exhibit A);

10         (b)    the officers, directors, and employees of the Receiving Party (including

11  House Counsel) to whom disclosure is reasonably necessary for this litigation and who have

12  signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

13         (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving

14  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

15  "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

16         (d)    the Court and its personnel;

17         (e)    court reporters, their staffs, and Professional Vendors to whom disclosure

18  is reasonably necessary for this litigation;

19         (f)    during their depositions, witnesses in the Action to whom disclosure is

20  reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

21  reveal Protected Material must be separately bound by the court reporter and may not be

22  disclosed to anyone except as permitted under this Stipulated Protective Order.

23         (g)    the author of the document.

24         7.3    Disclosure of "Highly Confidential — Attorneys' Eyes Only" Information or

25  Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

26  Receiving Party may disclose any information or item designated "Highly Confidential —

27  Attorneys' Eyes Only" only to:

28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1          (a)      the Receiving Party's Outside Counsel of record in this Action as well as

2    employees of said Outside Counsel to whom it is reasonably necessary to disclose the

3    information for this litigation, and who have signed the "Acknowledgement and Agreement to

4    Be Bound by Protective Order" (Exhibit A);

5          (b)      House Counsel of a Receiving Party to whom disclosure is reasonably

6    necessary for this litigation, and who has signed the "Acknowledgement and Agreement to Be

7    Bound by Protective Order" (Exhibit A).

8          (c)      Experts (as defined in this Order) (1) to whom disclosure is reasonably

9    necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be

10   Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

11   paragraph 7.4, below, have been followed;

12         (d)      the Court and its personnel;

13         (e)      court reporters, their staffs, and Professional Vendors to whom disclosure

14   is reasonably necessary for this litigation; and

15         (f)      the author of the document.

16         7.4    <u>Procedures for Approving Disclosure of "Highly Confidential — Attorneys' Eyes

17   Only" Information or Items to "Experts"</u>

18         (a)      Unless otherwise ordered by the court or agreed in writing by the

19   Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated

20   Protective Order) any information or item that has been designated "Highly Confidential —

21   Attorneys' Eyes Only" first disclose to the Designating Party (1) the full name of the Expert and

22   the city and state of his or her primary residence, (2) a copy of the Expert's current resume, (3)

23   the Expert's current employer(s), (4) the  identity of each person or entity from whom the Expert

24   has received compensation for work in his or her areas of expertise or to whom the expert has

25   provided professional services at any time during the preceding three years, and (6) the identity

26   (by name and number of the case, and location of court of any litigation in connection with

27   which the Expert has provided any professional services during the preceding three years.

28

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1          (b)      A Party that makes a request and provides the information specified in the

2    preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

3    within ten (10) court days of delivering the request, the Party receives a written objection from

4    the Designating Party.  Any such objection must set forth in detail the grounds on which it is

5    based.

6          (c)      A Party that receives a timely written objection must meet and confer with

7    the Designating Party (through voice dialogue with confirmation by email or letter) to try to

8    resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the

9    disclosure to the Expert may file a motion, within seven (7) court days of filing the objection, as

10    provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

11    seeking permission from the Court to do so.  Any such motion must describe the circumstances

12    with specificity, set forth in detail the reasons for which the disclosure to the Expert is

13    reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

14    additional means that might be used to reduce that risk.  In addition, any such motion must be

15    accompanied by a competent declaration in which the movant describes the parties' efforts to

16    resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer

17    discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

18    approve the disclosure.

19          In any such proceeding the Party opposing disclosure to the Expert shall bear the

20    burden of showing that there is a reasonable likelihood that the risk of harm that the disclosure

21    would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

22    the Protected Material to its Expert.

23    **8.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

                **OTHER LITIGATION.**

24

25          If a Receiving Party is served with a subpoena or an order issued in other

26    litigation that would compel disclosure of any information or items designated in this Action as

27    "Confidential" or "Highly Confidential — Attorneys' Eyes Only," the Receiving Party must so

28    notify the Designating Party, in writing (by email and fax, if possible) immediately and in no

1   event more than three court days after receiving the subpoena or order.  Such notification must

2   include a copy of the subpoena or court order.

3          The Receiving Party also must immediately inform in writing the Party who

4   caused the subpoena or order to issue in the other litigation that some or all the material covered

5   by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the

6   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in

7   the other action that caused the subpoena or order to issue.

8          The purpose of imposing these duties is to alert the interested parties to the

9   existence of this Stipulated Protective Order and to afford the Designating Party in this case an

10  opportunity to try to protect its confidentiality interests in the court from which the subpoena or

11  order issued.  The Designating Party shall bear the burdens and the expenses of seeking

12  protection in that court of its confidential material — and nothing in these provisions should be

13  construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

14  directive from another court.

15  **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

16         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material to any person or in any circumstance not authorized under this Stipulated

18  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

19  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

20  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

21  the terms of this Stipulated Protective Order, and (d) request such person or persons to execute

22  the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

23  **10.    FILING PROTECTED MATERIAL.**

24         Without written permission from the Designating Party or a court order secured

25  after appropriate notice to all interested persons, a Party may not file in the public record in this

26  Action any Protected Material or taken any action or do any act that would result in a public

27  disclosure, a prohibited disclosure, or any prohibited use.  A Party that seeks to file under seal

28  any Protected Material must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) calendar day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

**12.    PRIVILEGED DOCUMENTS**

If information subject to a claim of attorney-client privilege and attorney work product is nevertheless inadvertently produced to a party, such production shall not constitute a waiver of, or estoppel as to, any claim of privilege or work product to which the Producing Party would otherwise be entitled.  If such inadvertent production is made, the Receiving Party shall immediately notify the Producing Party.  The Receiving Party must disclose who the information was disclosed to and certify that the person who inappropriately received the information has acknowledged the protective order requirements.  If a claim of inadvertent production is made with respect to information then in the custody of another party, such Party shall promptly return the information to the claiming party or person and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal).  The Party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal.

1   **13.    MISCELLANEOUS**

2          13.1    <u>Right to Further Relief</u>.  This Stipulated Protective Order may be modified by

3   further written stipulation signed by the undersigned attorneys and order of the Court.  Nothing

4   in this Stipulated Protective Order abridges the right of any person to seek its modification by

5   the Court in the future.

6          13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated

7   Protective Order no Party waives any right it otherwise would have to object to disclosing or

8   producing any information or item on any ground not addressed in this Stipulated Protective

9   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

10  the material covered by this Stipulated Protective Order.

11         13.3    <u>Fair Use of Confidential Information</u>.  This Stipulated Protective Order shall not

12  be construed to prevent any person, including a qualified person, from making use of designated

13  "Confidential" or "Highly Confidential — Attorneys' Eyes Only" information which (a) was

14  lawfully in their possession prior to the production by the supplying party, (b) appears in any

15  publicly available printed or electronic publication which includes information that specifically

16  identifies the information within the printed or online publication as being related to the

17  Producing Party, or is otherwise publicly available and includes information that specifically

18  identifies the information as being related to the Producing Party, without fault to the Receiving

19  Party, (c) was or is hereafter obtained from a source or sources having the lawful right to

20  disclose such information, (d) was or is lawfully discovered, independently by the Receiving

21  Party, through means not under an obligation of secrecy to any other Party or Parties, or (e) is

22  exempted from the operation of this Stipulated Protective Order by the express written consent

23  of the party producing such "Confidential" or "Highly Confidential — Attorneys' Eyes Only"

24  information.  The person seeking to make use of the designated information shall have the

25  burden of proof, through written documentation, of establishing that the information falls within

26  one of the above outlined categories.

27         13.4    <u>No Admissions.</u>  Neither this Stipulated Protective Order nor the designation of

28  or failure to challenge any material as "Confidential" or "Highly Confidential — Attorneys'

1   Eyes Only" shall be construed as any admission that such information, document or other

2   tangible thing is confidential or that such material, or any testimony relating to such material, in

3   a deposition or at trial, would be admissible in evidence in this case or any other proceeding.

4                   **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD:

5
6   DATED:  July 2, 2007                    BINGHAM McCUTCHEN LLP

7

8                                           By:_____/s/Monty Agarwal_____
9                                                   Monty Agarwal
                                                 Attorneys for Plaintiff
10                                               Threshold Enterprises, Ltd.

11   DATED:  July 2, 2007                   KRONENBERGER BURGOYNE, LLP

12

13

14                                          By:_____/s/Jeffrey M. Rosenfeld_____
                                                  Jeffrey M. Rosenfeld
15                                               Attorneys for Defendant
                                                 Functional Brands, LLC
16

17

18              PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

19   DATED:_____July 3, 2007_____       _____
20                                          The Honorable Bernard Zimmerman
                                            United States District Court
21                                          Northern District of California

22

23

24

25

26

27

28

14

No. C-07-1400 BZ

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

1

2

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on [date] in the case of *Threshold Enterprise LTD v.*

7   *Functional Brands*, Case No. 07-01400 BZ.  I agree to comply with and to be bound by all the

8   terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9   comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

10  promise that I will not disclose in any manner any information or item that is subject to this

11  Stipulated Protective Order to any person or entity except in strict compliance with the

12  provisions of this Order.

13            I further agree to submit to the jurisdiction of the United States District Court for

14  the Northern District of California for the purpose of enforcing the terms of this Stipulated

15  Protective Order, even if such enforcement proceedings occur after termination of this Action.

16

17  Date:_____

18

19  City and State where sworn and signed:_____

20

21  Printed name:_____
22                      [printed name]

23  Signature:_____
24                      [signature]

25

26

27

28

No. C-07-1400 BZ
JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645

1

## NOTICE OF ATTESTATION

2

3          I, Monty Agarwal, am the ECF User whose ID and password are being used to

4   file this Amended ADR Certification by Parties and Counsel.  In compliance with General

5   Order 45, X.B., I hereby attest that Jeffrey M. Rosenfeld has concurred in this filing.

6   DATED:  July 2, 2007                      BINGHAM McCUTCHEN LLP

7

8                                             By: _____/s/Monty Agarwal_____
                                                     Monty Agarwal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C-07-1400 BZ

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
A/72077842.2/3000546-0000324645